**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| HEILIA V. FAIRCLOUGH, | : |
|     Plaintiff, | : CIVIL ACTION NO. 09-2153 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| WAWA, INC., | : |
|     Defendant. | : |

**COOPER, District Judge**

The plaintiff, Heilia V. Fairclough ("plaintiff") brought this action, pro se, alleging claims for hostile work environment under Title VII of the Civil Rights Act ("Title VII"), wrongful termination under the Age Discrimination in Employment Act ("ADEA"), and unequal pay under the Equal Pay Act ("EPA"). (Dkt. entry no. 1, Compl. at 1-3.) The plaintiff now moves for summary judgment in her favor. (Dkt. entry no. 16, Motion for Summ. J.) The defendant, WAWA, Inc. ("defendant") opposes the motion and cross-moves for summary judgment in its favor. (Dkt. entry no. 17, Cross Motion.) The Court determines the motion and cross motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b). For the reasons stated herein, the Court will grant the defendant's cross motion for summary judgment and deny the plaintiff's motion as moot.[1]

---

[1] The Court, in its discretion, may address the cross motion on the merits first. See, e.g., Coltec Indus. v. Elliott

**BACKGROUND**

The plaintiff states that she "is a 61- year old Black woman of Jamaican nationality." (Compl. at 2.) She was employed by the defendant in one of its stores as a part-time customer service associate. (Id.) The plaintiff contends that the defendant failed "to provide a bias-free environment," "failed to maintain and enforce a policy prohibiting workplace discrimination," and failed "to communicate a bias-free workplace policy to all employees on a periodic basis." (Id.) The plaintiff alleges that she was subject to unequal terms and conditions of her employment, unequal pay, and wrongful termination based on her age. (Id. at 4.)

The plaintiff contends that she is a participant in a company profit sharing plan and this has contributed to her termination. (Id. at 4-5.) She states that, at her age, she was one year from becoming fully vested in the profit sharing plan. (Id. at 5.) She further alleges that because she appears younger than she actually is, the defendant felt it would be obligated to make substantial contributions to her retirement plan. (Id.) She further contends that the store in which she worked employed eight employees age forty or older and many of them may have been

---

Turbocharger Group, Inc., Nos. 99-1400 & 99-36, 1999 WL 695870, at *1, *9 (E.D. Pa. Sept. 9, 1999) (granting cross motion to confirm arbitration award on merits and denying motion to stay as moot).

participating in the profit sharing plan.  (Id.)  She states that this could have become burdensome to the defendant.  (Id.)  She further states that the economic downturn would be a good reason "to resort to any means necessary to cut back on providing benefits to older employers."  (Id.)

The plaintiff states that in August 2008, she was asked to train a new twenty-four year old employee who later replaced her. (Id.)  She further states that a younger female employee earned $11.00 per hour after working for two years, while the plaintiff only earned $10.25 per hour after two years.  (Id.)

The plaintiff filed a charge with the Equal Employment Opportunity Commission on January 26, 2009.  (Dkt. entry no. 10, Pl. Resp.)  She alleged, in the charge, incidents that she believed constituted harassment.  She stated that on August 13, 2008, another employee attempted to assault her and she reported the attempted assault to management and filed a police report. (Id.)  The police report states that the plaintiff believed that the defendant failed to take action because the employee who allegedly assaulted her was a manager.  (Pl. Resp., Ex. 8, Police Report.)  She states that she sent several complaints to management about "crude behavior" by other employees, but these complaints were not addressed.  (Pl. Resp. at 4.)

The plaintiff sent a letter to two of the defendant's "trustees" in October 2008.  (Pl. Resp., Ex. 11, 10-10-08

3

Letter.)  The plaintiff stated in the letter that store management created a hostile work environment.  (Id.)  She stated that management ignored her when she reported incidents of harassment. (Id.)  She further stated that she is "a 61-year old woman of African decent [sic] with Jamaican nationality, and [she] feel[s] that this is main reason for the intense dislike" of her by other employees.  (Id.)

When asked, in her deposition, if other employees discriminated against her, the plaintiff responded, "I'm not going to use the word discriminate.  I know that."  (Dkt. entry no. 17, Spada Cert., Ex. A, Fairclough Dep. 20:4-8.)  She stated that employees treated her differently and that she "[did not] know if [it was] because the sound of [her] voice, [her] accent." (Id. at 20:11-14.)  The plaintiff alleges that there were several incidents in which she was subject to harassment by other employees.  She stated that they harassed her when another employee tried to knock a "big hot pouch of mac and cheese" out of her hands.  (Id. at 38:20-25; 39:1-5.)  She also alleges that it was discriminatory when she took a day off and was asked to find a replacement for her shift.  (Id. at 51:5-12.)  She further alleges that she was subject to discrimination when she received a deficient performance write-up for failing to check and log the food temperature as she was required to.  (Id. at 52:1-2, 18-22.) She admits, however, to failing to log the food temperature.

4

(Id. at 53:8.)  She also alleges that she was discriminated against when she received a disciplinary write-up for failing to put knives away correctly.  (Id. at 26:17-25; 27:3-7.)  She also alleges that customers were sent into the store to intimidate her and frustrate her.  (Dkt. entry no. 19, Pl. Br. at 14.)

   The plaintiff initiated the defendant's formal conflict resolution program prior to her termination stating that she was subject to race-based harassment.  (Spada Cert., Ex. B, 12-24-08 Letter.)  A human relations specialist, Ginny Lemons ("Lemons") conducted an investigation into the matter.  (Id.)  The plaintiff contends that it was discriminatory that Lemons interviewed people to offer disparaging remarks about her in her absence.  (Fairclough Dep. 69:16-19.)  Lemons concluded, through the investigation process, that the plaintiff was unable to work harmoniously with others and that she was, in fact, creating a hostile work environment for other employees.  (12-24-08 Letter.)  Lemons also found that the plaintiff had been insubordinate to the management staff on more than one occasion.  (Id.)  She found that the plaintiff failed to consistently follow policies about safety and food spoilage.  (Id.)  Based on Lemons's findings, management decided to terminate the plaintiff.  (Id.)

5

**DISCUSSION**

I.  **Motion for Summary Judgment**

    A.  **Summary Judgment Standard**

The standard for a motion for summary judgment is well-settled and will be briefly summarized here.  Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009) (citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

    B.  **Title VII**

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  "To succeed on a claim based on a hostile work environment, a plaintiff must prove that: (1) the employee suffered intentional discrimination [based on protected status]; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person . .

. in that position; and (5) respondent superior exists." Small v. KS Eng'rs PC, No. 08-3458, 2010 WL 1705002, at *2 (D.N.J. Apr. 26, 2010) (citation omitted).  The harassment must be "so severe or pervasive as to alter the conditions of the victim's employment and creates an abusive working environment." Id. (citation omitted).

### C. Equal Pay Act

The EPA provides that employers subject to the provisions of the act may not discriminate between "employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . on jobs the performance of which requires equal skill, effort, and responsibility."  29 U.S.C. § 206(d)(1).

### D. ADEA

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  To succeed, the plaintiff ultimately must show that age actually motivated or had a determinative influence on the employer's adverse employment decision.  Fasold v. Justice, 409 F.3d 178, 183-84 (3d Cir. 2005).

A prima facie case of age discrimination must first be made by showing that the plaintiff (1) was a member of the protected class, i.e., was over forty years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was ultimately replaced by a person sufficiently younger to permit an inference of age discrimination. Wooler v. Citizens Bank, 274 Fed.Appx. 177, 180-81 (3d Cir. 2008); Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 331 (3d Cir. 2000). If the plaintiff succeeds in presenting a prima facie case, then the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). If the defendant makes such a showing, the plaintiff must then demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination. Id. "To defeat summary judgment when the defendant answers plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or

determinative cause of the employer's action." Shirden v. Cordero, 509 F.Supp.2d 461, 468 (D.N.J. 2007) (citation omitted).

**II. The Defendant's Cross Motion**

The defendant cross-moves for summary judgment arguing that the plaintiff's claims fail as a matter of law on the undisputed facts. (Dkt. entry no. 17, Def. Br. at 2.) The defendant contends that this case is premised upon the plaintiff's personal belief that she was treated badly and her unsupported conclusion that her treatment was motivated by discrimination. (Id.) The defendant states that there is not "one shred of evidence" to support the allegations. (Id.)

**A.   Equal Pay Act Claim**

The defendant first states that the plaintiff fails to state a claim under the Equal Pay Act. (Id. at 3.) The defendant notes that under the Equal Pay Act, the plaintiff must prove that the employer paid different wages to employees of opposite sexes for equal work. (Id.) The plaintiff here compares her pay to someone of the same sex. The defendant thus contends that this claim fails. (Id.)

The plaintiff contends that her Equal Pay Act claim is now encompassed by the Lilly Ledbetter Fair Pay Act. (Pl. Br. at 12.) She "requests that the Court consider the impact of the recently enacted Lilly Ledbetter Fair Pay Act of 2009 upon the plaintiff's Title VII claim." (Id.)

9

The Court finds that the plaintiff has failed to rebut the defendant's prima facie showing of entitlement to judgment on the EPA claim. To state a prima facie claim under the EPA, the plaintiff must establish that "employees of the opposite sex were paid differently for performing equal work." The plaintiff here alleges that an employee of the same sex was paid differently for performing equal work. The Lilly Ledbetter Fair Pay Act ("FPA") "clarifie[s] how pay discrimination claims should be analyzed for purposes of the statute of limitations." Summy-Long v. Pa. State Univ., No. 06-1117, 2010 WL 1253472, at *7 (M.D. Pa. Mar. 24, 2010). It does not alter the requirements of alleging a prima facie case under the EPA. See Mikula v. Allegheny County, 320 Fed.Appx. 134, 137 (3d Cir. 2009) (analyzing EPA claim under traditional analysis after passage of FPA). The plaintiff must still establish that she was paid at a rate less than employees of the opposite sex. The plaintiff here has only alleged that she was paid less than an employee of the same sex and, as such, she has not established a prima facie claim of an EPA violation. The Court will thus grant summary judgment in favor of the defendant on this claim.

**B.   Title VII**

The defendant argues that the plaintiff cannot state a prima facie case of Title VII discrimination. (Def. Br. at 6.) It states that the plaintiff cannot articulate any circumstances

10

giving rise to an inference of discrimination.  (Id.)  The defendant contends that the claim is entirely premised on the plaintiff's assumption and unsupported conclusions that she was treated badly and therefore subject to some type of discrimination.  (Id.)  It contends that the plaintiff fails to identify any other similarly situated employees who received more favorable treatment.  (Id.)

The defendant argues that the plaintiff cannot articulate any conduct that constitutes a viable action for discrimination.  (Id.)  It contends that the plaintiff alleges, inter alia, that she received a safety violation for incorrectly placing knives, another employee waved her hand in front of her face, another employee tried to knock a plate of food out of her hand, she was asked to find a replacement for calling out sick, and she was disciplined for failing to record food temperatures.  (Id. at 6-7.)  The defendant states that these incidents are insufficient to create an inference of discrimination.  (Id. at 7.)  The defendant states that the record is devoid of any evidence that could give rise to an inference of race, national origin, age or any other form of discrimination, and as such the plaintiff has failed to make a prima facie case of discrimination.  (Id.)

The plaintiff contends that she has met the evidentiary burden for a Title VII claim.  (Pl. Br. at 13.)  She states that she "articulated very well . . . all the harassing incidents

11

which [she has] endured." (Pl. Br. at 13.)  She states that he was harassed because she was called in when she was sick, was humiliated when she was terminated, and was subject to harassment from customers who were sent in to intimidate and frustrate her. (Id. at 14.)

The Court finds that the plaintiff has failed to demonstrate that she was subject to intentional race-based harassment that was sufficiently pervasive and severe to alter the conditions of her employment.  When asked why other employees treated her differently, she stated that she did not know.  She states that she was harassed when she was subject to disciplinary proceedings.  The plaintiff, however, admits to the behavior that was the subject of these proceedings.  She merely states that she believes her race and national origin to be the basis of her treatment.  She alleges that several isolated incidents form the basis of her claim.  "[I]solated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim."  Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (citation omitted).  She fails to raise a genuine issue of material fact that her race or national origin was the basis for her alleged harassment.  She only speculates that this could be the reason for her treatment, and speculation is insufficient to defeat a summary judgment motion.

### C.   ADEA

The defendant further argues that the plaintiff's age discrimination claim fails.  (Def. Br. at 8.)  The plaintiff claims that the defendant decided to terminate her because she was one year away from vesting in its profit sharing plan.  (Id.)  The defendant notes that if the plaintiff's interest had vested, she would have received a total amount of $24.33.  (Id. at 9.)  The defendant states that there is no evidence that the defendant would have terminated the plaintiff to avoid paying $24.33.  (Id.)  The defendant states that she was terminated for the legitimate non-discriminatory reason that she was unable to work harmoniously with her co-workers.  (Id.)

The plaintiff contends that the defendant's argument, that the company would not have terminated her to avoid paying an additional $24.00, is "absurd."  (Pl. Br. at 14.)  She states that she was enrolled in several benefit plans, and that her hourly rate was doubled when she worked holidays, "[s]o conversely to what defendant's attorneys may think, a lot was at stake when I was wrongfully terminated by Wawa."  (Id. at 15.)  She further states that she did not admit to the actions for which she was terminated.  (Id. at 15.)

The defendant further argues that the plaintiff's contention that the defendant terminated her to have a younger employee replace her fails.  (Id.)  The defendant states that the

13

plaintiff bases this contention on the fact that she trained this younger employee for the specific duties that are performed on the night shift. (Id.) The plaintiff, however, admitted that this younger employee worked both day and night shifts. (Id.) She believes that he replaced her because he answered the phone one night when she called the store. (Id.) The defendant states that these facts cannot establish that the plaintiff was replaced by the younger employee.

    Even if, assuming arguendo, the plaintiff has stated a prima facie claim of age discrimination under the ADEA, the defendant has come forward with a legitimate non-discriminatory reason for her termination. The defendant presented evidence that it terminated the plaintiff based on the findings that the plaintiff was "unable to work harmoniously with other store associates, and that [she] was the associate creating a hostile working environment for her co-workers." (12-24-08 Letter.) The defendant also stated that the plaintiff was insubordinate to management and was inconsistent in following safety policies and procedures. (Id.) The plaintiff has not presented evidence that this reason was mere pretext. She only realleges the incidents that she states constitute harassment. She has thus failed to produce any evidence from which a fact finder could disbelieve the legitimate non-discriminatory reason for her termination or that the reason was mere pretext. The Court will thus grant

summary judgment in favor of the defendant on this claim. The Court will deny the plaintiff's motion for summary judgment as moot.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant the defendant's cross motion and deny the plaintiff's motion. The Court will issue an appropriate order and judgment.


                     s/Mary L. Cooper  
                     **MARY L. COOPER**  
                     United States District Judge


Dated:    May 28, 2010