**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HEILIA V. FAIRCLOUGH, | CIVIL ACTION NO. 09-2153 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| WAWA, INC., |  |
| Defendant. |  |

**THE COURT** entered an order on May 28, 2010 ("5-28-10 Order") granting summary judgment in favor of the defendant, WAWA, Inc. ("defendant"), on the plaintiff, Heilia V. Fairclough's ("plaintiff"), claims under the Age Discrimination in Employment Act ("ADEA"), the Equal Pay Act ("EPA"), and Title VII of the Civil Rights Act ("Title VII"). (Dkt. entry no. 23, 5-28-10 Order & Judgment.) The Court found that the plaintiff's own speculation that she was discriminated against was insufficient to defeat summary judgment and that she failed to state a prima facie EPA claim. (Dkt. entry no. 22, 5-28-10 Op.) The Court further found that even if the plaintiff did state prima facie Title VII and ADEA claims, the defendant presented a legitimate non-discriminatory reason for the plaintiff's termination. (Id.)[1] The plaintiff now moves for relief from the 5-28-10 Order

---

[1] As stated in the final "Conflict Resolution Response Report" provided by the plaintiff, she was terminated for "treating coworkers in a discourteous manner, making untrue statement [sic] causing conflict with her coworkers, threatening,

pursuant to Federal Rule of Civil Procedure ("Rule") 60. (Dkt. entry no. 24, Mot.)

Rule 60(b) provides relief from final judgments and orders under certain circumstances. Fed.R.Civ.P. 60(b). The Court may, in its discretion, provide relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Id. "A movant under Rule 60(b) bears a heavy burden, requiring more than a showing of the potential significance of the new evidence." Santiago v. Nash, 268 Fed.Appx. 177, 178 (3d Cir. 2008) (internal quotations omitted). Rule 60 "motions are granted only where extraordinary justifying circumstances are present." Id.; see also Logan v. Am. Contract Bridge League, 173 Fed.Appx. 113, 116 (3d Cir. 2006) ("[R]elief from a judgment under Rule 60 should be granted only in exceptional circumstances.") (internal quotations omitted)); Moolenaar v.

---

intimidating, or coercing coworkers which contributed to creating a hostile work environment." (Dkt. entry no. 24, Pl. Br., Ex. 21, 11-12-08 Conf. Res. Report.)

Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987) ("The remedy provided under Rule 60(b) is extraordinary and special circumstances must justify granting relief under it.") (internal quotations omitted).

"[A] party who seeks to set aside a judgment under Rule 60(b) must demonstrate that absent relief, an extreme and unexpected hardship will result." Enzymotec Ltd. v. Crayhon Research, Inc., No. 08-5527, 2009 WL 2169237, at *2 (D.N.J. July 20, 2009) (internal quotations omitted).  Rule 60(b) must be confined to its intended purpose of "accomplishing justice in extraordinary situations."  Kock v. Gov't of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987).

Rule 60(b)(1) provides relief from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Fed.R.Civ.P. 60(b)(1).  Mere "[c]arelessness by a litigant," however, "does not afford a basis for relief under Rule 60(b)(1)."  Williams v. Kan. Gas & Elec. Co., No. 89-1440, 1993 WL 483218, at *1 (D.Kan. Sept. 9, 1993).  "A defeated litigant cannot set aside a judgment . . . because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." Richardson v. Nat'l Rifle Ass'n, 879 F.Supp. 1, 2 (D.D.C. 1995) (internal quotations omitted).  "[F]ailure to provide these documents . . . is an insufficient justification for the Court to set aside its

judgment." Id.; see also Wright v. Hickman, 36 Fed.Appx. 395, 400 (10th Cir. 2002) (holding that failure to file supporting documents in response to a summary judgment motion was not an "excusable litigation mistake" for purposes of Rule 60(b)(1)).

**THE PLAINTIFF** brings this motion pursuant to Rule 60(b)(1), contending that she inadvertently omitted exhibits from her previous motions that are "crucial" to her claims against the defendant, and would serve as grounds for vacating the judgment. (Dkt. entry no. 24, Pl. Br. at 1.) These exhibits consist of various memos between the management staff and the plaintiff and interview reports from Ginny Lemons ("Lemons"), the human relations specialist who conducted an investigation into the plaintiff's discrimination and harassment claims. (Pl. Br., Ex. 21, Memos; Ex. A, Interview Reports.) The plaintiff also includes "Conflict Resolution Response Reports" upholding the defendant's decision to terminate the plaintiff's employment. (11-12-08 Conf. Res. Report; Pl. Br., Ex. A, 11-12-08 Conf. Res. Report 2.) The plaintiff additionally presents police reports, a collection of the "Deficient Performance Documents" that she received from the defendant, and a signed note confirming that the defendant did not post information regarding conflict resolution in the employee common room. (Pl. Br., Ex. 21, Police Reports; Ex. 21, Def. Perf. Doc.; Ex. A, Def. Perf. Doc.; Ex. 7, Note.) Finally, the plaintiff attaches a temperature log for the

4

refrigeration stations, which she alleges conclusively shows "sabotage." (Pl. Br. at 1 and Ex. 38(a), Temp. Log.)

**THE DEFENDANT** opposes the motion stating that the plaintiff's additional documents further support the Court's entry of summary judgment in its favor. (Dkt. entry no. 28, Def. Br. at 2.)

**THE COURT** will deny the motion. The Court finds that the additional information provided by the plaintiff only further demonstrates that she created a hostile work environment and that the defendant had a legitimate non-discriminatory reason for her termination. Additionally, the documents presented at this time have always been in the plaintiff's possession and within her control. She even cited many of these exhibits in her previous motion papers. (Dkt. entry no. 16, Pl. First Br., Pl. Aff., Pl. Stmt. of Facts.) Nevertheless, the plaintiff failed to attach these exhibits to her motion for summary judgment and "can offer no explanation for the reason for this inadvertence." (Dkt. entry no. 30, Pl. Reply Br. at 1.) She is therefore not entitled to relief from the 5-28-10 Order under Rule 60(b)(1). See <u>Taneff v. Calumet Twp.</u>, No. 07-216, 2009 WL 425956, at *4 (N.D. Ind. Feb. 19, 2009) (stating that a plaintiff is not entitled to relief under Rule 60(b)(1) where the plaintiff "inadvertently" omitted information from the record that was "wholly [within the plaintiff's] control" and that the plaintiff even cited in

5

previous motions); Richardson, 879 F.Supp. at 2 (stating that the plaintiff's inadvertent failure to provide the Court with documents that were in his possession at the time of the Court's judgment did not warrant relief under Rule 60(b)(1)).

The plaintiff contends that the temperature log supports her allegation that a coworker "tampered" with the temperature of a refrigeration station for which the plaintiff was responsible, as part of her attempted "sabotage" of the plaintiff. (Pl. Reply Br. at 7.) The temperature log, however, is insufficient to substantiate this allegation. Although the plaintiff claims that her coworker reported inconsistent temperatures, she has not supported this claim, and provides the Court only with documentation of her own speculation of what temperature was reported to the manager. As stated in the Court's earlier opinion, "speculation alone, without more, is insufficient to survive summary judgment." Torretti v. Main Line Hosps., Inc., 580 F.3d 168, 179 n.16 (3d Cir. 2009). "Speculation does not create a genuine issue of fact; instead, it creates a false issue." Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 333 (3d Cir. 2005). The plaintiff admittedly failed to fulfill her duty of logging the food temperature on the night in question; thus, her estimation of what the temperature of the station was when the food spoilage was reported is ineffective. (Dkt. entry no. 17, Spada Cert., Ex. A, Fairclough Dep. 53:8.)  Further, the

plaintiff provides a "Deficient Performance Document" that she received for "making untrue statements" about this incident, as the plaintiff was unable to provide evidence in support of her accusations during an in-house investigation of her claims. (Pl. Br., Ex. A, 10-14-08 Def. Perf. Doc.)[2]

Although the plaintiff has failed to substantiate her allegations, which is in itself fatal to her claims, she is further unable to present the Court with any evidence that her race, national origin, or age could have served as motivation for any such conduct.  She continues to provide the Court only with her own speculation and unsupported conclusions.  The interview reports presented with this motion, which the plaintiff quoted and cited in her previous motion for summary judgment, demonstrate that other employees tried to refrain from interacting with the plaintiff out of fear that she would accuse them of discrimination.  (Interview Reports.)  The record indicates that the plaintiff attributes any treatment that she deems wrongful to discrimination: "I just know I was treated very badly.  I don't know if there's another name for it . . . but you have to choose something so the word I chose was discrimination .

---

[2] With respect to another claim of harassment, the plaintiff provides the Court with a memo that she wrote to the interim general manager, in which she stated, despite her accusations, that "she [could not] say with any degree of certainty" what actually occurred "because [she] did not see [the coworker] do the act."  (Pl. Br., Ex. 21, 8-15-08 Memo.)

. . because there is no other label for that when people treat you badly." (Fairclough Dep. 21:1-8.)  Further, the plaintiff provides the Court with her own documentation of a phone conversation that she had with the interim general manager, in which she admitted that she was "paranoid, perhaps" about her coworkers trying to get her into trouble.  (Pl. Br., Ex. 21, 10-14-08 Conversation.)

The plaintiff's evidence of the defendant's failure to post information regarding conflict resolution also is inconsequential.  This omission is unrelated to the plaintiff's claims of discrimination and harassment, and the plaintiff's provision of the "Conflict Resolution Response Reports" only demonstrates that she was aware of this process and that she exhausted all stages of conflict resolution.  The reports further serve to substantiate that "[the plaintiff's] claim that her ongoing complaint went unaddressed is untrue."  (11-12-08 Conf. Res. Report.)

**FOR GOOD CAUSE APPEARING,** the Court will issue an appropriate order.

                                         s/Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated:  August 4, 2010